UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
**TWO (2) CASES**

| | |
|---|---|
| Zachary Franklin Smith, # 269134, ) | C/A No. 0:07-1641-HFF-BM **(LEAD)** |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| David Beasley, Governor of South Carolina; ) Ernest Hollings, Senator; ) Michael Moore, Director of SCDC; and ) Laurie Francis Bessinger, Warden, ) | |
| Defendants. ) | |

_____

| | |
|---|---|
| Zachary Franklin Smith, # 269134, ) | C/A No. 0:07-1642-HFF-BM |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| Bill Clinton, President of the United States; ) David Beasley, Governor of South Carolina; ) Ernest F. Hollings, Senator; ) Strom Thurmond, Senator; ) Michael Moore, Director of SCDC; and ) Laurie Francis Bessinger, Warden, ) | |
| Defendants. ) | |

_____

*Background of this Case*

The plaintiff is an inmate at the Perry Correctional Institution of the South Carolina

Department of Corrections. Information available to the public through the website of the South

Carolina Department of Corrections (www.doc.sc.gov) indicates that the plaintiff is serving an

1



eighteen-year sentence for first-degree criminal sexual conduct with a minor. The plaintiff's conviction was entered in the Court of General Sessions for Anderson County in 2000.

The two above-captioned cases are the third and fourth civil actions filed by the plaintiff in the United States District Court for the District of South Carolina. In the two above-captioned cases, the plaintiff has brought suit against a former Governor of South Carolina, a former President of the United States, a former Director of the South Carolina Department of Corrections, a former Warden in the South Carolina Department of Corrections, and two (2) former United States Senators (one now deceased). The plaintiff has obviously misspelled the names of several of the defendants. Hence, in this Report and Recommendation and in the orders in the two above-captioned cases, the undersigned has corrected the spellings of the defendants' names.

The "STATEMENT OF CLAIM" portions of the two § 1983 complaints reveal that these two civil rights actions arise out of the enactment of Act No. 83 in 1995, by the General Assembly, as well as other laws enacted by the General Assembly. The plaintiff contends that Act No. 83 violates the "single subject" rule of the South Carolina Constitution and other South Carolina constitutional provisions. In his prayers for relief, the plaintiff seeks a court order overturning his sentence and release from the South Carolina Department of Corrections.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the two *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct.



1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 2007 U.S. LEXIS® 6814, 2007 WESTLAW® 1582936 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, these two § 1983 complaints are subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, four of the defendants — former President Bill Clinton, former United States Senator Ernest F. Hollings, the late United States Senator Strom Thurmond, and Warden Bessinger

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



— are entitled to summary dismissal because they were not members of the General Assembly which passed Act No. 83 in 1995. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293, 1996 U.S.Dist. LEXIS® 5101 (N.D.Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11, 1996 U.S.Dist. LEXIS® 1207 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 1996 U.S.Dist. LEXIS® 5772 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."). These Defendants are therefore not subject to liability for a conviction under that Act. As for the Defendant former Governor David Beasley, he has legislative immunity for his signing of Act No. 83. *Lawson v. Brousseau*, 2006 U.S.Dist. LEXIS® 30888, 2006 WESTLAW® 1362931 (W.D.Mich, May 18, 2006)("A state governor is protected by the doctrine of legislative immunity for her decision to sign, or to refuse to sign, any particular piece of legislation."), *citing, inter alia, Bogan v. Scott-Harris*, 523 U.S. 44, 54 140 L.Ed.2d 79, 118 S.Ct. 966, 1998 U.S. LEXIS® 1596 (1998).[2]

---

[2]Moreover, even if a legislator or former legislator had been named as a party Defendant, the individual members of the General Assembly who passed Act No. 83 in 1995 are also immune from suit with respect to their enactment of Act No. 83. *See Bogan*, 523 U.S. at 140 (legislators at all levels of government are entitled to immunity for "legislative activities"); *Tenney v. Brandhove*, 341 U.S. 367 (1951); and *Haskell v. Washington Township*, 864 F.2d 1266, 1277, 1988 U.S.App. LEXIS® 17124 (6th Cir. 1988)("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity"). *See also Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 403, 59 L.Ed.2d 401, 99 S.Ct. 1171 (1979)(legislative immunity extends to "regional" legislatures); and *Rabkin v. Dean*, 856 F. Supp. 543, 546, 1994 U.S.Dist. LEXIS® 13702 (N.D.Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose. *South Carolina Education Association v. Campbell*, 883 F.2d 1251, 1989 U.S.App. LEXIS® 12938 (4th Cir. 1989), *cert. denied*, 493 U.S. 1077, 107 L.Ed.2d 1035, 110 S.Ct. 1129, 1990 U.S. LEXIS® 700 (1990). *Cf. Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach*, 828 F. Supp. 1241, 1242 n. 1, 1993

(continued...)



It can also be judicially noticed that former Governor Beasley and former SCDC Director Michael Moore left office in January of 1999. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations; *See Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries); and South Carolina's applicable personal injury statute of limitations, which is codified at § 15-3-530, South Carolina Code of Laws, establishes a three-year limitations period for causes of action arising on or after April 5, 1988. Hence, any suit against Beasley and Moore is time barred under the statute of limitations.[3]

These two cases are also untimely as to the "federal" defendants because the events that gave rise to this case took place in 1995. *Industrial Constructors Corp. v. Bureau of Reclamation,* 15 F.3d 963, 968, 1994 U.S. App. LEXIS® 1629 (10th Cir.1994) ("[A] *Bivens* action, like an action brought pursuant to 42 U.S.C.1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose.") , *citing Wilson v. Garcia, supra.*

---

[2](...continued)
U.S.Dist. LEXIS® 11079 (D.S.C. 1993).

[3]Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117, 1989 U.S.Dist. LEXIS® 3521 (E.D.Va. 1989)("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville, supra*; and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding [sic] a complaint frivolous.")(citation omitted).



The plaintiff also cannot have his conviction or his eighteen-year sentence for first-degree criminal sexual conduct with a minor overturned in these two civil rights actions because a right of action with respect to that conviction has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D.Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, *Wambaugh v. Smith*, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996). Hence, until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in *Heck v. Humphrey*, *supra*. *See also Benson v. New Jersey State Parole Board*, 947 F. Supp. 827,

6



830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994). Further, the plaintiff cannot obtain release from prison in these two civil rights actions because "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Myers v. Pauling*, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995). *See also Edwards v. Balisok*, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).[4]

Finally, it must be noted that the two above-captioned cases raise many of the same allegations raised in two pending cases filed by the Plaintiff, *Smith v. Beasley, et al.*, Civil Action No. 0:07-1573-HFF-BM, and *Smith v. Clinton, et al.*, Civil Action No. 0:07-1575-HFF-BM. In a consolidated Report and Recommendation filed in Civil Action No. 0:07-1573-DCN-BM and Civil Action No. 0:07-1575-DCN-BM on June 12, 2007, the undersigned recommended summary dismissal of those cases for the same reasons given in this Report and Recommendation. This court may take judicial notice of Civil Action No. 0:07-1573-DCN-BM and Civil Action No. 0:07-1575-DCN-BM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We

---

[4]In a separately-filed order, the undersigned has directed the Office of the Clerk to send Section 2254 habeas corpus forms to the plaintiff because the relief requested by the plaintiff is only available through a writ of habeas corpus.

7



think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons the complaints filed in Civil Action No. 0:07-1573-DCN-BM and Civil Action No. 0:07-1575-DCN-BM are subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296.

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the two above-captioned cases *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C.



§ 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

  The plaintiff's attention is directed to the Notice on the next page.

          Respectfully submitted,

July 3, 2007         Bristow Marchant
Columbia, South Carolina    United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

